IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY LAWLER, as father, next friend and Personal Representative/Administrator of the Estate of BRIAN CHRISTOPHER LAWLER, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:19-cv-01174-STA-tmp |
| HARDEMAN COUNTY, TENNESSEE; JOHN DOOLEN; LEONARD BROWN; ELLEN FUTRELL; WILLIAM GONZALEZ; AND JUDY WIGGINS | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANTS' MOTION TO CERTIFY THE ENTIRETY OF THE COURT'S ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR INTERLOCUTORY APPEAL**

Before the Court is Defendants' Motion to Certify the Entirety of the Court's Order Denying Defendants' Motion for Summary Judgment for Interlocutory Appeal (ECF No. 118) filed on October 5, 2018. For the following reasons, the Motion is **DENIED**.

**BACKGROUND**

On July 7, 2018, a Hardeman County Sheriff's Deputy arrested Brian Christopher Lawler ("Decedent") for driving under the influence and other related charges. The deputy took Decedent to the Hardeman County Jail (the "Jail"). On July 28, 2018, while incarcerated at the Jail, Decedent committed suicide. Plaintiff alleges Defendants were deliberately indifferent to Decedent's serious medical needs by failing to provide adequate medical/mental health care to Decedent.

1

On June 20, 2022, Defendants moved for summary judgment, arguing that Plaintiff cannot show a genuine dispute of material fact as to whether they were deliberately indifferent to Decedent's serious medical needs and that even if he could, the individual defendants were entitled to qualified immunity (ECF No. 75).  On September 29, 2022, this Court denied summary judgment to Defendants Ellen Futrell, Judy Wiggins, William Gonzalez, and Hardeman County (ECF No. 112).  On October 4, 2022, Defendants notified this Court that they had filed an interlocutory appeal of this Court's denial of qualified immunity to Futrell, Wiggins, and Gonzalez, which they may do as of right (ECF No. 114).  The next day, Defendants moved this Court to certify the lone remaining claim against Hardeman County for interlocutory appeal (ECF No. 118).

## STANDARD OF REVIEW

In general, the United States Courts of Appeals have jurisdiction only over final judgments of the United States District Courts.  *In re Somberg*, 31 F.4th 1006, 1008 (6th Cir. 2022).  An exception is where a District Court authorizes an interlocutory appeal under 28 U.S.C. § 1292.  To do so, the Court must find: (1) the order appealed concerns a question of law, (2) the question is controlling, (3) there is a "substantial ground for difference of opinion" about the answer, and (4) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

## ANALYSIS

Defendants move this Court to certify Plaintiff's claim against Hardeman County, the lone remaining claim following the individual Defendants' appeals, for interlocutory appeal.  For the following reasons, the Court declines to do so.

Defendants focus the bulk of their Motion on the "substantial ground for difference of opinion" requirement of § 1292. Their arguments on this point are unpersuasive. A substantial ground for difference of opinion exists when: (1) the question is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question. *In re Buccina*, 657 F. App'x 350, 351-52 (6th Cir. 2016).

Defendants first argue that "[t]he question concerning what standard applies is novel and there is no specific precedent to guide the court." However, that question will be before the Sixth Circuit regardless of whether this Court certifies the claim against the County for interlocutory appeal, as that standard applies to the individual Defendants who have already appealed.

Defendants next argue that there is a difference of opinion in the Sixth Circuit as to whether the facts as articulated in this Court's order denying the County's Motion for Summary Judgment can give rise to *Monell* liability. Specifically, Defendants argue that "a plaintiff cannot succeed under the single violation theory [of showing a failure-to-train claim] when the municipality has offered *some* training to its officers." In essence, Defendants' argument is that in order to succeed on a failure-to-train theory, a plaintiff must show that a municipality offered absolutely no training whatsoever, and that a municipality may escape liability by providing the tiniest amount of grossly inadequate training. To support this argument, Defendants quote the Sixth Circuit as saying that

> In *City of Canton*, the [Supreme] Court hypothesized that a history or pattern of prior violations *might not* be necessary to show deliberate indifference if the need for more or different training were "obvious." However, the Court's hypothesis was premised on the assumption that the municipality had decided *not* to train its officers about the constitutional limits of the use of force.

Defs.' Mot. to Certify the Entirety of the Court's Order Denying Defs.' Mot. for Summ. J. 8 (quoting *Harvey v. Campbell County*, 453 F. App'x 557, 567 (6th Cir. 2011) (emphasis on the

word "not" added by Defendants)). However, further down in the very paragraph from which Defendants quote, the Sixth Circuit explained that because the individual defendant in *Harvey* had received *some* training, "Plaintiffs therefore had to show that the County, through its policymaker(s), was on notice that, *absent additional training*, it was so highly predictable that sheriff's deputies would misuse deadly force as to amount to conscious disregard for citizens' rights." *Harvey*, 453 F. App'x at 567 (6th Cir. 2011) (emphasis added). The Sixth Circuit has thus recognized that there are situations in which a municipality may be held liable for failure to adequately train its employees to avoid constitutional violations where it provided *some* training.

Defendants also argue that there is a difference of opinion in the Sixth Circuit as to whether the facts as articulated in this Court's order denying summary judgment to the County can give rise to *Monell* liability because "the inquiry into whether a training program could be deemed 'deliberately indifferent' must extend beyond the question of whether the individual officers involved in the incident at issue were poorly trained." Defs.' Mot. to Certify the Entirety of the Court's Order Denying Defs.' Mot. for Summ. J. 8 (citing *Cooper v. Cty. of Washtenaw*, 222 F. App'x 459, 473 (6th Cir. 2007)). Defendants are incorrect in their assertion that this Court merely inquired whether the individual Defendants were unsatisfactorily trained. The Sixth Circuit has explained that to find *Monell* liability on a failure-to-train theory, the inadequacy in training must be caused by the municipality's deliberate indifference and the inadequacy must be closely related to or cause the injury. *Ouza v. City of Dearborn Heights, Mich.*, 969 F.3d 265, 286-87 (6th Cir. 2020).[1] This Court made plain in its Order denying Defendants' Motion for Summary Judgment as to the County that it found a genuine dispute of material fact as to whether Decedent's alleged

---

[1] Defendants did not dispute that Plaintiff showed a genuine dispute of material fact as to whether the alleged inadequacy in this case was closely related to or caused Decedent's injury, and this Court therefore did not analyze that element.

4

constitutional deprivation was caused by the County's deliberate indifference based on the fact that the County allegedly knew there were bolts in the walls of the Jail cells for eight years and allegedly had a policy of allowing inmates to keep their shoelaces unless they were put on suicide watch, which the county allegedly had a policy of only putting inmates on if they explicitly said "I'm going to kill myself," regardless of any other suicide risk factors the inmate displayed. (ECF No. 112 at 16-17). As this Court explained in its Order denying summary judgment to the County, it is obvious in such a situation that an inmate may attempt suicide, and a reasonable jury could thus find the County was deliberately indifferent to a risk that Decedent would commit suicide.

The Court also finds that immediate appeal of the claim against the County would not materially advance the ultimate termination of this case. Local Rule 7.3 allows a party to move for revision of an interlocutory order for several reasons, including a material change of law occurring after the entry of the order. If the Sixth Circuit addresses the standard for deliberate indifference in suicide cases in the individual Defendants' claims, the County may move the Court to revise its order on the Motion for Summary Judgment as to the County on that basis.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE
Date: October 18, 2022.
